[Crim. No. 2303. Second Appellate District, Division Two.—May 23, 1933.]

THE PEOPLE, Respondent, v. DON COURTNEY et al., Appellants.

John S. Cooper and Buel R. Wood for Appellants.

U. S. Webb, Attorney-General, John D. Richer, Deputy Attorney-General, Buron Fitts and A. H. Van Cott for Respondent.

ARCHBALD, J., *pro tem.*—An indictment was returned by the grand jury of Los Angeles County charging Don Courtney, John Sullivan and John Joseph Courtney, who gave his true name as John J. Creely, with the crime of extortion, in count I. In count II the accusation names the crime as extortion, but the statement of the acts constituting such offense describes the crime of robbery. The dates, the name of the victim and the amount of money are identical in both counts. Defendants Don Courtney and John J. Creely were arrested and arraigned, and at the time set for pleas, count II was amended by the court by striking out the word "extortion" and inserting instead "robbery", without resubmitting the matter to the grand jury. At the time the indictment was returned defendant Sullivan was in Canada, so far as appears, and remained there until extradited. At the time set for the trial of Courtney and Creely the latter was present, but Courtney was not, and the trial proceeded as to Creely alone, who was convicted on count I and found not guilty on count II. Thereafter, defendant Sullivan was returned from Canada and Courtney was apprehended. Sullivan entered a plea of not guilty to the indictment. Courtney had already entered the same plea thereto. At the date set for their trial both defendants entered further pleas of "prior acquittal" and "once in jeopardy". Defendant Sullivan objected to trial on count I on the ground that he was extradited to be tried for the crime of robbery, extortion not being an extraditable offense, and that under the Webster-Ashburton treaty with Canada he could only be tried on the charge on which extradition was permitted. On motion of the district attorney count I was dismissed and the trial proceeded on count II, which also charged Courtney with a prior conviction, as to which he had theretofore pleaded guilty. The jury returned verdicts, as to each defendant, of guilty of second degree robbery, and as to the pleas of prior acquittal and former jeopardy the jury found for the People. From the judgments of conviction entered on said verdicts and the orders denying their respective motions for a new trial defendants Courtney and Sullivan have appealed.

Appellants contend (1) that the court erred in amending count II as it did, (2) that there is a fatal variance between the offense charged and that proved, (3) that the acquittal

of Creely on count II was a bar to the prosecution of appellants on such count, that the court erred (4) in permitting the prosecution to proceed upon the theory of conspiracy to commit robbery with Creely after notice of acquittal of Creely on the robbery charge, (5) in directing the verdict of the jury on special pleas, (6) in refusing certain of defendants' instructions, and (7) that the verdicts and judgments are inconsistent and void.

(1) Appellants urge that the amendment made by the court changed the offense charged from extortion to robbery. Count II charged the crime of robbery, clearly and directly, and not that of extortion, and the date, name of the victim and amount of money obtained were exactly the same as in the first count. It appears on the face of the indictment to be a typographical error only. No substantial rights of the defendants could possibly have been prejudiced, and in our opinion the amendment was properly made under section 1008 of the Penal Code.

(2) Appellants say that the evidence shows the crime of extortion was committed and not robbery, as charged in count II. From the evidence the jury might well have concluded that the original plan was to obtain the money by means of extortion rather than robbery, but that such plan was changed when the victim withdrew his $500 from the bank and went with appellants to a place near the jail. They had previously represented to the victim that they were police officers and would arrange bail so as to make it unnecessary for them to put him in jail. At such point he refused to give them the money, and the victim's testimony shows that before and after the money was forcibly taken from him by Sullivan he was threatened with a gun. The jury might well have concluded from the evidence that, the original plan having failed to obtain for them the money with the victim's consent, force and fear were resorted to in order to take it from him against his will.

(3 and 4) We fail to see how the acquittal of Creely on count II was *res judicata* of the charge against appellants here. Creely was not with appellants when the money was taken from the victim. As we have said, the plan adopted by the three men charged apparently contemplated extorting money from the victim by some other method than was eventually used. The change in plan occurred when

the victim demurred, and without Creely's knowledge. Under that state of facts there could be no bar to a prosecution of appellants under the count on which Creely was acquitted. Furthermore, the evidence does not show a joint commission of the crime charged in count II so far as Creely is concerned, so as to make a verdict of not guilty as to him on such count an acquittal as to his co-defendants.

(5) The court instructed the jury that no legal evidence had been introduced in support of the plea of former acquittal and former jeopardy, and that as to such pleas they should find for the People. We see no error in such instruction, as we do not find any evidence supporting the pleas mentioned except the identity of the indictments and the fact that Creely was found not guilty on the count on which appellants were convicted. Under the evidence it was a question of law for the court.

(6) Defendants requested two instructions which were refused. The first was to the effect that they were on trial "for the offense of robbery and no other offense", following which the meaning of robbery was explained to the jury, which, in turn, was followed by the statement that "if you find from the evidence that the complaining witness, Downs, parted with his money willingly, for the purpose of putting the same up as bail or otherwise, and not through fear, then and in that event" they should find defendants not guilty. The second instruction advised the jury that defendants were on trial for the offense of robbery, and "no other offense", and that even if they should find them guilty of some other offense, if they found defendants not guilty of robbery they should be acquitted. The court instructed the jury as to the meaning of "robbery", and also that if the jurors "believed from the evidence beyond a reasonable doubt that the defendants, or either of them, feloniously took from the person or the immediate presence of Peter J. Downs, the property or any part thereof, as charged in the indictment, by means of force or fear and against the will and consent of said Peter J. Downs as charged in the indictment, . . . then you should find the defendants, or either of them, guilty as the case may be". We fail to find anything in the record that might lead the jury to the conclusion that some offense other than robbery was presented for their consideration. At the beginning of the argument to

the jury the prosecutor stated that he came "with a commitment from the grand jury of Los Angeles county, which returned an indictment charging these men with the crime that the clerk read to you at the very inception of this case", at which point he was interrupted by counsel for one of the defendants, who said, "We object, the court please. I hate to interrupt Mr. McKay so early. The grand jury never returned any such indictment; it returned extortion, the records show that." To this the court responded: "Just a minute, now, let's settle that question. These defendants are on trial charged with robbery; that is all we are interested in, not extortion, so don't refer to that extortion again. The only thing we are interested in in this case is the robbery charge, and that is all this jury has to pass on so far as their guilt or innocence is concerned." We think there could have been no confusion in the minds of the jurors as to the offense charged, and no error in refusing the requested instructions.

(7) We see no merit in this contention. The verdicts were clear, and no inconsistency exists by reason of the fact that printed forms of "not guilty" verdicts were used on such pleas, the appropriate changes being made in the body thereof, although the designation "Verdict (Not Guilty)", appearing to the right of the caption, was not crossed out. It clearly appears, however, that the general verdict was "guilty", on the pleas of "Not Guilty", and that the verdict was for the People on the special pleas.

Judgments and orders affirmed.

Craig, Acting P. J., and Stephens, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 7, 1933, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1933.